UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SUSANA LOZADA,

   Plaintiff,        CASE NO.:

 -against-        COMPLAINT AND DEMAND FOR
             JURY TRIAL
ETOURANDTRAVEL, INC.,

   Defendant.
--------------------------------------------------------X

## COMPLAINT

SUSANA LOZADA ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ETOURANDTRAVEL, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of New York therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural persons residing in Bohemia, New York 11716.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its principal office located at 3626 Quadrangle Boulevard, Suite 400, Orlando, Florida 32817.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that she has had for over a year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in or around March 2015, and continuing through April 2015, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

14. Defendant's calls came from numbers including but not limited to (407) 515-2416.

15. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

16. Defendant's automated messages identified its company name as the caller.

17. Defendant's telephone calls were not made for "emergency purposes."

18. The purpose of Defendant's calls was to sell Plaintiff a vacation.

19. Plaintiff never provided prior express written consent to Defendant to call her cellular telephone number or to contact her regarding any goods or services offered by Defendant.

20. Plaintiff was never able to revoke any consent that may have been given because Defendant's calls were always automated and there was not another person on the end of the line with whom she could speak.

21. Despite the above, Defendant persisted in calling Plaintiff on her cellular telephone.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

24. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for emergency purposes.

26. Defendant's calls to Plaintiff, in and after March 2015, were not made with Plaintiff's prior express consent.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, SUSANA LOZADA, respectfully prays for judgment as follows:

   a. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);
   b. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);
   c. Injunctive relief pursuant to 47 U.S.C. §227(b)(3);
   d. Any other relief deemed fair and proper by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SUSANA LOZADA, demands a jury trial in this case.

|   |   |
|---|---|
| | RESPECTFULLY SUBMITTED, |
| | KIMMEL & SILVERMAN, P.C. |
| Dated: May 15, 2015 | |
| | By: /s/ Craig Thor Kimmel |
| | Craig Thor Kimmel |
| | Attorney ID #2790038 |
| | Attorney for Plaintiff |
| | 1001 Avenue of the Americas, 12th Floor |
| | New York, New York 10018 |
| | Phone: (212) 719-7543 |
| | Facsimile: (877) 617-2515 |
| | Email: kimmel@creditlaw.com |

PLAINTIFF'S COMPLAINT